1

2

3

4                         UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    ROBERT LEE JENKINS,                    Case No.  22-cv-04188-VC

8                   Petitioner,

9          v.                              **ORDER RECOGNIZING ONE CLAIM;
                                            DISMISSING REMAINING CLAIMS
10   L.A. MARTINEZ,                         WITH LEAVE TO AMEND**

11                 Respondent.

12

13         Robert Lee Jenkins, a California prisoner, filed a pro se petition for a writ of habeas corpus

14   under to 28 U.S.C. § 2254. Jenkins has paid the filing fee. *See* Dkt. No. 10.

15                              **BACKGROUND**

16         In 1992, Jenkins was found guilty of torture, mayhem, assault with a deadly weapon,

17   corporal injury to a cohabitant, and possession of a firearm by a felon. Dkt. No. 1 at 11. He was

18   sentenced to two life terms and an additional eight months. *Id*. On July 28, 2021, the Board of

19   Parole Hearings denied parole for three years. *Id*. at 12.

20                               **DISCUSSION**

21   **I.       Standard of Review**

22         A district court may entertain a petition for writ of habeas corpus on "behalf of a person in

23   custody pursuant to the judgment of a State court only on the ground that he is in custody in

24   violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A

25   district court shall "award the writ or issue an order directing the respondent to show cause why

26   the writ should not be granted, unless it appears from the application that the applicant or person

27   detained is not entitled thereto." 28 U.S.C. § 2243. If it appears plainly from the petition that the

28   petitioner is not entitled to relief, the court must summarily dismiss the petition without ordering a

United States District Court
Northern District of California

responsive pleading. Summary dismissal is appropriate where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). The petition must also "state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

## II.     Legal Claims

Jenkins argues that: (1) he was erroneously deemed unsuitable for parole and is serving a disproportionate term which amounts to cruel and unusual punishment; (2) the parole board failed to conduct a proportionality analysis under California regulations; (3) the denial of parole was arbitrary and capricious; (4) the parole board's failure set a parole release date violates due process; (5) his due process rights were violated during the parole hearing when the victim made unsubstantiated claims; (6) the parole board failed to consider that Jenkins is an elderly offender as required under California state law; (7) a psychological evaluation conducted in May of 2021 contained factual errors. Dkt. No. 1 at 5-7.

To the extent Jenkins argues that state law or state regulations were violated, he is not entitled to federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("federal habeas corpus relief does not lie for errors of state law.") Nor is Jenkins entitled to relief for his challenges to the denial of parole. In *Swarthout v. Cooke*, 562 U.S. 216 (2011) the Supreme Court held "that in the context of parole eligibility decisions the due process right is procedural, and entitles a prisoner to nothing more than a fair hearing and a statement of reasons for a parole board's decision[.]" *Miller v. Oregon Bd. of Parole & Post Prison Supervision*, 642 F.3d 711, 716 (9th Cir. 2011) (citing *Cooke*, 562 U.S. at 220-21). The Court explained that if a petitioner received at least that much process, the federal court's habeas review is at an end. *Cooke*, 562 U.S. at 220. In light of *Cooke*, if "an inmate seeking parole receives an opportunity to be heard, a notification of the reasons as to denial of parole, and access to their records in advance," the inmate "received due process." *Pearson v. Muntz*, 639 F.3d 1185, 1191 (9th Cir. 2011).

Here, Jenkins makes no allegation that he was denied any procedural protections in the recent denial of parole. There is no evidence or allegations that Jenkins could not access his

records in advance, was denied an opportunity to be heard, or was denied a statement for the reasons why parole was not granted. *See* Dkt. No. 1 at 56 -143 (transcript of parole suitability hearing).

Accordingly, except for Jenkins Eight Amendment claim related to his alleged disproportionate sentence, the remaining claims in the petition are dismissed. Dismissal is with leave to amend, if Jenkins believes in good faith that he can amend the claims to state a violation of any procedural protections during the parole proceedings, i.e., the denial of an opportunity to be heard, a notification of the reasons as to denial of parole, or access to his records in advance.

## CONCLUSION

Based on the foregoing, the Court orders as follows:

1. Except for Jenkins Eighth Amendment claim, the remaining claims in the petition are dismissed with leave to amend. Jenkins is granted leave to file an amended petition to remedy the deficiencies noted above.

2. If Jenkins wishes to file an amended petition, he must do so within 28 days of this order and must include the caption and case number used in this order. Failure to amend within the specified time will result in the habeas petition proceeding on only Jenkin's Eighth Amendment claim.

3. Jenkins must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: December 5, 2022

VINCE CHHABRIA
United States District Judge

United States District Court
Northern District of California

3