UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LEE JENKINS,<br><br>        Petitioner,<br><br>   v.<br><br>L.A. MARTINEZ,<br><br>        Respondent. | Case No. 22-cv-04188-VC<br><br>**ORDER TO SHOW CAUSE** |

      Petitioner Robert Lee Jenkins is a state prisoner currently incarcerated at Corcoran State Prison. He has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. section 2254, challenging his denial of parole. Jenkins has submitted the filing fee. In a previous order, the court dismissed all claims in Jenkin's petition other than his Eighth Amendment claim related to his alleged disproportionate sentence and instructed Jenkins that failure to amend the dismissed claims would result in the habeas petition proceeding on only Jenkin's Eighth Amendment claim. *See* Dkt. No. 11. Jenkins has since filed a response electing to proceed only on his Eighth Amendment claim. Dkt. No. 12.

      Because it does not appear that Jenkin's Eighth Amendment claim is clearly without merit, the Court hereby issues the following orders:

      1.      The Clerk shall serve electronically a copy of this order upon the respondent and the respondent's attorney, the Attorney General of the State of California, at the following email address: SFAWTParalegals@doj.ca.gov and docketingsfawt@doj.ca.gov. The Petition and the exhibits thereto are available via the Electronic Case Filing System for the Northern District of California. The Clerk also shall serve by mail a copy of this order on Jenkins.

2.	No later than sixty days from the date of this Order, the respondent shall file with this Court and serve upon Jenkins an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. The respondent shall file with the Answer all portions of the state record that have been transcribed previously and are relevant to a determination of the issues presented by the petition. If Jenkins wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on the respondent within thirty days of his receipt of the Answer. If he does not do so, the petition will be deemed submitted and ready for decision on the date the Traverse is due.

3.	No later than sixty days from the date of this Order, the respondent may file with this Court and serve upon Jenkins a motion to dismiss on procedural grounds in lieu of an Answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If the respondent files such a motion, Jenkins shall file with the Court and serve on the respondent an opposition or statement of non-opposition to the motion within thirty days of receipt of the motion, and the respondent shall file with the Court and serve on Jenkins a reply within fourteen days of receipt of an opposition.

4.	It is Jenkins' responsibility to prosecute this case. He must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. He also must serve on the respondent's counsel all communications with the Court by mailing a true copy of the document to the respondent's counsel.

5.	Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than three days prior to the deadline sought to be extended.

**IT IS SO ORDERED.**

Dated: March 9, 2023

_____
VINCE CHHABRIA
United States District Judg